UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY MITCHELL, | ) | No. CV 06-4419 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff Gregory Mitchell was born on June 20, 1967, and was thirty-seven years old at the time of his administrative hearing.

---

[1] Michael J. Astrue is ordered substituted as defendant pursuant to Fed. R. Civ. P. 25(d)(1).

[Administrative Record, "AR," 33, 152.]  He has a tenth grade education and no past relevant work experience. [AR 155-56.] Plaintiff alleges disability on the basis of a degenerative hip, lower back problems, cerebral palsy,[2] headaches and high blood pressure. [AR 34, 43.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on July 13, 2006, and filed on July 17, 2006.  On January 25, 2007, defendant filed an answer to the complaint and plaintiff's Administrative Record ("AR").  On March 23, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for supplemental security income ("SSI") on September 18, 2003, alleging disability since January 1993. [AR 43.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on June 8, 2005, before Administrative Law Judge ("ALJ") Robert Evans.  [AR 152.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Sandra Schneider.  [Id.]  The ALJ denied benefits in a decision dated August 18, 2005.  [AR 23-27.]  When the Appeals Council denied review on May 18, 2006, the ALJ's decision became the Commissioner's final decision. [AR 4.]

---

[2] Since the filing of his disability application, plaintiff has denied any history of cerebral palsy. [AR 82.]

## IV. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist

1  claimants in fully developing the record even if they are represented
2  by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at
3  1288.  If this burden is met, a prima facie case of disability is
4  made, and the burden shifts to the Commissioner (at step five) to
5  prove that, considering residual functional capacity ("RFC")[3], age,
6  education, and work experience, a claimant can perform other work
7  which is available in significant numbers.  Tackett, 180 F.3d at 1098,
8  1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not ever engaged in substantial gainful activity (step one); that plaintiff had "severe" impairments, namely lower back pain and hip pain (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 26.]  Plaintiff was found to have an RFC for a range of light work. [AR 27.]  Plaintiff had no past relevant work (step four). [AR 26.]  The vocational expert testified that a person with plaintiff's limitations could perform other work existing in significant numbers in the national economy, including cashier and assembler (step five). [Id.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

---

[3] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.   PLAINTIFF'S PRESENT CLAIMS**

The parties' Joint Stipulation identifies two disputed issues:

1. Whether the ALJ properly evaluated the medical evidence; and
2. Whether the ALJ properly evaluated plaintiff's credibility.

[JS 2.]

**D.   ISSUE ONE: THE EXAMINING OPINION AND SUBSEQUENT EVIDENCE**

In 1983, when he was sixteen years old, plaintiff suffered a sports injury to his back and hip, requiring a left hip replacement. [AR 24.] Since then, plaintiff had a brief stint in physical therapy and has been taking pain medication. [AR 80, 135.] Dr. Rocely Ella-Tamayo performed an internal evaluation of plaintiff on June 23, 2004, at the request of the California Disability Determination Service. [AR 82-86.] There were no medical records available for Dr. Tamayo to review, so she based her evaluation on a physical examination and history provided by plaintiff. [Id.] With respect to plaintiff's back, Dr. Tamayo found "no deformity, tenderness or spasm. There is full range of motion without pain." [AR 85.] With respect to the left hip, Dr. Tamayo noted "pain on normal range of motion of the left hip." [Id.] An x-ray taken of plaintiff's hip at the time of Dr. Tamayo's examination revealed "generalized osteopenia and trabecular effacement" with the "possibility of arthritic thinning of the femeral head cortex." [AR 87.] Dr. Tamayo concluded that plaintiff's "prognosis is not good regarding his left hip condition." [AR 85.] Based on her evaluation, Dr. Tamayo opined that plaintiff was not necessarily precluded from working and could lift fifty pounds occasionally and twenty-five pounds frequently while sitting, standing and walking for four hours during an eight-hour workday. [Id.]

Upon reviewing Dr. Tamayo's opinion, a state agency review

1 physician assessed a more modest RFC, for light work, based on
2 plaintiff's pain. [AR 89, 97-98.]  There were no other medical records
3 made available to the state agency review physician. [AR 97.]  The ALJ
4 found that these two medical source opinions were "consistent with the
5 objective findings" and "not rebutted by any treating source" and,
6 thus, determined that plaintiff had an RFC for a range of light work.
7 [AR 25.]

8     After Dr. Tamayo performed her evaluation, plaintiff submitted
9 medical records from Harbor-UCLA Medical Center for treatment he
10 received for his back, hip and hypertension for the period from
11 approximately 2003 to 2005. [AR 99-148.]  Plaintiff contends that
12 these treating records prove that his condition deteriorated after Dr.
13 Tamayo's examination, that Dr. Tamayo's evaluation is invalid because
14 she "did not have the benefit of these objective test results," and
15 that the "ALJ should have contacted the treating source for an opinion
16 concerning his impairments and limitations." [JS 4.]  Upon a review of
17 the administrative record, although it is unclear that plaintiff's
18 condition has deteriorated or that Dr. Tamayo's examination is
19 invalid, newly-provided evidence of plaintiff's lower back problem
20 will require further development as to plaintiff's functional
21 limitations.

22     An ALJ has an affirmative duty to develop the record when the
23 evidence is ambiguous or inadequate to make a finding of disability.
24 See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005); Mayes v.
25 Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan, 242 F.3d
26 at 1150; Smolen, 80 F.3d at 128; see also 20 C.F.R. § 416.912(d).
27 This duty may be discharged in several ways, including recontacting
28 the treating medical source, referral of plaintiff for a consultative

examination, or referral to a medical expert.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Reed v. Massanari, 270 F.3d 838, 841 (9th Cir. 2001); Armstrong v. Comm'r of Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998); 20 C.F.R. §§ 416.912(e)-(f), 416.919a.

Here, plaintiff's primary allegations of disabling impairments arise from his lower back and left hip.  The Harbor-UCLA treatment records include a September 2003 x-ray of plaintiff's lumbar spine, a March 2005 x-ray of the left hip, an April 2005 MRI of the lumbar spine, emergency treatment records, and physical therapy records. [AR 117, 122, 124, 125-132, 135.]  Because neither the treating physician, Dr. Tamayo, nor a medical expert had an opportunity to review the records to determine whether they indicated plaintiff had functional limitations more restrictive than those determined by Dr. Tamayo or the state agency physician, remand for such proceedings is appropriate.

To the extent that plaintiff argues that Dr. Tamayo's opinion is invalid and that the treating records indicate a deterioration in plaintiff's condition, the record does not clearly establish this.  As part of her evaluation, Dr. Tamayo referred plaintiff for an x-ray of his left hip showing degenerative changes, thus negating plaintiff's contention that the doctor's opinion was completely uninformed. [AR 87.]  Moreover, it is not clear that the treating medical evidence cited by plaintiff indicates a worsening of his condition, in light of the conservative nature of his treatment at Harbor-UCLA, comprised of physical therapy and pain medication.  Finally, nothing prevented plaintiff from addressing the ambiguity in the record that he complains of; he could have recontacted the treating physician for

1  clarification, as the ALJ left the record open for thirty days after
2  the administrative hearing for such a purpose. [AR 166.]
3      Upon remand, the record should be developed through any of the
4  methods mentioned above.

### E. ISSUE TWO: THE CREDIBILITY FINDING

During the hearing, plaintiff testified that he has never worked because "I'm in terrible pain," and that he does little throughout the day except "sit in the house and watch the cars go by." [AR 156, 161.] The ALJ found plaintiff's testimony on the whole "not entirely credible" because it was not consistent with the record, plaintiff had received conservative treatment for his pain, made inconsistent statements, had no work history, and participated in daily activities inconsistent with his allegations. [AR 25.] Plaintiff contends that this finding is unsupported by clear and convincing evidence because the ALJ "failed to adequately specify" which statements he found not credible. [JS 9.] Upon review of the record, however, it is evident that the ALJ's finding was supported by substantial evidence that a reasonable person might accept as adequate to support his conclusion.

Generally, questions of credibility and resolution of conflicts in the testimony are functions solely for the Commissioner. Parra v. Astrue, __ F.3d.__, 2007 WL 865543 at *6 (9th Cir. March 23, 2007) (citing Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). However, an ALJ may not reject a claimant's testimony without providing "clear and convincing reasons." Id.; Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). Also, an ALJ must "specifically identify" the testimony found not credible, the ALJ must "explain what evidence undermines the testimony," and the evidence on which the ALJ relies must be "substantial." Id.; see also Tonapetyan, 242 F.3d at

1148 ("The ALJ must give specific, convincing reasons for rejecting the claimant's subjective statements."); Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997).

Contrary to plaintiff's contention, the ALJ cited specific evidence in the record, as well as inconsistencies among plaintiff's statements, to find plaintiff's testimony less than completely credible. For example, the ALJ cited plaintiff's lack of ongoing care and his brief treatment with physical therapy, with which he was non-compliant, as evidence that his pain was not as severe or as limiting as alleged. See Parra, 2007 WL 865543 at *6 ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.")(citing Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ also cited the inconsistencies in plaintiff's statements regarding his daily activities as negatively impacting his credibility: for example, although plaintiff testified that he could not read and was in too much pain to watch television or take the trash out, he earlier stated that he read the Bible and sports magazines, watched television and helped out with light chores such as taking out the trash. [AR 51, 83, 161, 162.] See Tonapetyan, 242 F.3d at 1148 (holding that an ALJ may use "ordinary techniques of credibility evaluation," such as inconsistent statements in testimony)(citing Fair v. Bowen, 885 F.2d 597, 604 n. 5 (9th Cir. 1989). Accordingly, "the ALJ did not err in finding [plaintiff] only partially credible, and weighing [his] testimony accordingly." Parra, 2007 WL 865543 at *6.

**F.    REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172,

10

1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).  However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id.  Here, as set out above in Issue One, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED:  April 6, 2007

                                         _____/s/_____
                                              CARLA M. WOEHRLE
                                          United States Magistrate Judge